LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DIANA LUGO,<br>*on behalf of herself, FLSA Collective Plaintiffs*<br>*and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>HTCT, LLC d/b/a PULQUERIA,<br>CHRISTOPHER TIERNEY<br>and SARAH MEYER SIMON,<br><br>Defendants. | Case No:<br><br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, DIANA LUGO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, HTCT, LLC d/b/a PULQUERIA (the "Corporate Defendant"), CHRISTOPHER TIERNEY and SARAH MEYER SIMON (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1.        Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.        Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid spread-of-hours premiums due to time-shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.        This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.        Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.        Plaintiff, DIANA LUGO, for all relevant time periods, was a resident of Kings County, New York.

6.        The Defendants operate a restaurant under the trade name, "Pulqueria" located at 11 Doyers Street, Basement, New York, NY 10013.

7.        Corporate Defendant:

(a) HTCT, LLC d/b/a PULQUERIA is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 11 Doyers Street, New York, NY 10013.

8.      Individual Defendants:

(a) CHRISTOPHER TIERNEY is the founder, owner and Chief Executive Officer of the Corporate Defendant. CHRISTOPHER TIERNEY exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to CHRISTOPHER TIERNEY directly regarding any of the terms of their employment, and CHRISTOPHER TIERNEY would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. CHRISTOPHER TIERNEY regularly visits the restaurants, and he directly reprimands any employee who does not perform his or her duties correctly.

(b) SARAH MEYER SIMON is a partner of the Corporate Defendant. SARAH MEYER SIMON exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. She exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees

including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to SARAH MEYER SIMON directly regarding any of the terms of their employment, and SARAH MEYER SIMON would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SARAH MEYER SIMON regularly visits the restaurants, and she directly reprimands any employee who does not perform his or her duties correctly.

9.      At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cooks, line-cooks, food preparers, dishwashers, cleaning persons, waiters, busboys, runners, bartenders, barbacks and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them compensation for all hours worked due to a policy of time-shaving. The claims of Plaintiff

stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including cooks, line-cooks, food preparers, dishwashers, cleaning persons, waiters, busboys, runners, bartenders, barbacks and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was

and are Defendants required to pay the Class members for their work;

d)   Whether Defendants paid Plaintiff and Class members for all hours worked

given Defendants' illegal policy of time-shaving;

e)   Whether Defendants paid the "spread of hours" premium owed to employees

working more than ten hours per day as required by New York Labor Law,

due to a policy of time-shaving;

f)   Whether Defendants provided to Plaintiff and Class members proper wage

and hour notice, at date of hiring and annually, per requirements of the New

York Labor Law; and

g)   Whether Defendants provided to Plaintiff and Class members proper wage

statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

22.    In or about January 2017, Plaintiff DIANA LUGO was hired by Defendants to

work as a dishwasher for Defendants' restaurant business located at 11 Doyers Street, Basement,

New York, NY 10013. Plaintiff worked until on or about February 22, 2017.

23. During Plaintiff DIANA LUGO's employment by Defendants, she regularly worked

over ten (10) hours.

24. Throughout her entire employment, Plaintiff was scheduled to work four (4) days a

week: from 4:00 p.m. to 2:00 a.m., without a lunch break; for a total of forty (40) hours per week.

However, during Plaintiff's employment, Defendants deducted thirty (30) minutes from

Plaintiff's work hours for a meal break each workday, resulting in two (2) hours of shaved time

per week and unpaid spread-of-hours premium. The reality is that Plaintiff and other workers did

not have a free and clear meal break and were required to work through their meal break, even though such meal break was deducted automatically, whether taken or not.

25.    Throughout her entire employment, Plaintiff received an hourly rate of $11 per hour by check for the hours for which he was paid. Other FLSA Collective Plaintiffs and Class members were similarly paid on an hourly rate.

26.    Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL, due to a policy of time-shaving.

27.    Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

28.    At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or proper wage statements as required by NYLL. Plaintiff and Class members received wage statements that reflected less hours than they actually worked, due to Defendants' policy of time-shaving.

29.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

30.    Plaintiff realleges and reavers Paragraphs 1 through 29 of this class and collective action Complaint as if fully set forth herein.

31.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

33.     At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

34.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

35.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

37.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

38.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid

wages due to time-shaving, plus an equal amount as liquidated damages.

39.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

40.    Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

42.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

43.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread-of-hours premium required by the New York Labor Law.

44.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

45.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

46.    Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

47.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to time-shaving, unpaid

spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid compensation due to a policy of time-shaving;

d.  An award of unpaid spread-of-hours premium due under the New York Labor Law;

e.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked, pursuant to the New York Labor Law;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.       Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.       Designation of this action as a class action pursuant to F.R.C.P. 23;

k.      Designation of Plaintiff as Representative of Class; and

l.       Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 14, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:       */s/ C.K. Lee*
         C.K. Lee, Esq. (CL 4086)