```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____      │
│ DATE FILED: 5/1/18          │
└─────────────────────────────┘
```

# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

April 23, 2018

**Via ECF**
The Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   *Lugo v. HTCT, LLC. et al*
      Case No. 17-CV-2725 (PKC)

Dear Judge Castel:

We are counsel to Plaintiff in the above-referenced matter. On January 26, 2018, Plaintiff filed a notice that she accepted Defendants' Offer of Judgment of $3,000 (Dkt. 29). Pursuant to the Court's Order dated April 17, 2018, the parties respectfully request that the Court approve and enter the Judgment and further, approve the settlement of this matter as fair and reasonable, for the reasons stated herein.

### I.   Defendants would be unable to withstand a greater judgment.

Defendants are unable to withstand a judgment in an amount greater than the $3,000 Rule 68 Offer of Judgment. Should this case proceed, Plaintiff would face the significant risk of being unable to enforce a greater judgment. Here, Defendants' inability to pay a greater judgment creates a risk of being unable to recover any amount whatsoever.

### II.   Plaintiff's Range of Possible Recovery

Plaintiff has accepted Defendants HTCT, LLC d/b/a Pulqueria, Christopher Tierney and Sarah Meyer Simon's Rule 68 Offer of Judgment in the amount of $3,000, which is "inclusive of all damages, liquidated damages, interest, reasonable attorneys' fees, costs and expenses actually incurred." Of the $3,000 Judgement, Plaintiff Diana Lugo will receive $500, which is more than 100% of her alleged backpay. Attached hereto as **Exhibit A** is the damage calculation for Plaintiff. The remainder of the Judgment ($2,500) represents fees and costs to be paid to Lee Litigation Group, PLLC.

Defendants contest most of Plaintiff's allegations including her work period and hours worked and believe that Plaintiff is owed nothing. If Defendants were to succeed at trial, Plaintiff's damages may be significantly reduced, or nothing at all.

---

*Handwritten endorsement:* On the unusual facts of this case, where the plaintiff is receiving arguably 100% of her claim, the offer of judgment with attorney's fees of $2,500 and $500 to the plaintiff is approved. The action is dismissed with prejudice.

SO ORDERED
/s/ P. Kevin Castel
USDJ
5-1-18

### III.  The Attorneys' fees are fair and reasonable.

Of the $3,000 accepted Offer of Judgment, $2,500 is allocated to attorneys' fees and costs. To date, counsel has incurred a $400 filing fee. After deduction of costs incurred, Plaintiff's counsel would receive $2,100 in attorneys' fees. Such amount represents a significant discount on counsel's lodestar, considering the case has been litigated for one year. Plaintiff's counsel's fees and costs are fair and reasonable given the time spent by Plaintiff's counsel, including: interviewing the Plaintiff, investigating the identity of Defendants, preparing a complaint, preparing damages calculation, Rule 26 call, preparing a submission for initial conference, preparing for and attending the initial conference, preparing discovery requests, preparing a letter motion for pre-motion conference for Plaintiff's anticipated motion for conditional certification, correspondence with Defendants' counsel and correspondence with the Court.

As such, the parties respectfully request the Court approve the offered Judgment and refer Plaintiff's acceptance of the Rule 68 offer to the Clerk for entry.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq. cc:

all parties via ECF

# EXHIBIT A

**FOR SETTLEMENT PURPOSES ONLY**
(Pulqueria)

**Calculaton for**    **Diana Lugo**

**Period 1**
**Assumptions:**        Period Worked            January 1, 2017 to February 22, 2017
                        Number of weeks worked   7 weeks
                        Hours worked/week        40 hours
                        Salary                   $11/hour

**Spread of Hour Premium**
During this working period, the spread of hours exceeds 10 hours for 4 days a week.
    Unpaid SOH = $11 x (Number of days worked more than 10 hours) x (Number of weeks)
              = $11 x 4 x 7
              = $308.00

**Time Shaving**
During this working period, off-the-clock working hours were 0.5 hours every day.
    Unpaid Wage = 11 x 0.5 hour x 4 work days x worked weeks
                = 11 x 0.5 x 4 x 7
                = $154.00
**Period 1 Total** =  $462.00


Back wage (all periods) = $462.00